UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL PAUL PUZEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-2096 (CRC) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants, by and through undersigned counsel, respectfully move to dismiss this case for insufficient service of process under Federal Rule of Civil Procedure ("Rule") Rule 12(b)(5), as well as pursuant to Rules 12(b)(1) and 12(b)(3). For the reasons set forth below, the Court should dismiss this action without prejudice.

### BACKGROUND[1]

Plaintiff, proceeding *pro se*, initiated this lawsuit while incarcerated at a federal penitentiary in West Virginia.[2] *See* ECF No. 1 at 2. Plaintiff alleges that he has been "unlawfully detained" by the Federal Bureau of Prisons for the last 21 years and is serving a life sentence. *Id.* at 7. Plaintiff's allegations indicate his prosecution occurred in the U.S. District Court for the

---

[1] The facts are derived from a copy of the Complaint that is accessible on the Court's public docket. As explained below, Defendants have not been served a summons and complete copy of the Complaint, as required under Rule 4(c)(1).

[2] Although Plaintiff's most recent notice of change of address indicates he is incarcerated at USP Florence, a high security U.S. penitentiary in Colorado, *see* ECF No. 19, the Federal Bureau of Prisons database indicates Plaintiff is now located at Oklahoma City FTC, *see* https://www.bop.gov/inmateloc/ (last visited Nov. 15, 2022).

Northern District of West Virginia. *Id.* at 5 (providing docket numbers).

Plaintiff alleges that he submitted several Freedom of Information Act ("FOIA") and Privacy Act of 1974 requests to the United States Department of Justice and several of its components. *Id.* at 3. Plaintiff alleges that Defendants did not comply with his FOIA and Privacy Act requests. *See id.* at 4-5. Plaintiff filed this lawsuit seeking relief under 42 U.S.C. § 1983, FOIA, and the Privacy Act. *See generally id.* Plaintiff also appears to seek a writ of habeas corpus by asking this Court to dismiss what he deems a "federally fraudulent indictment" and order his immediate release from "unlawful arrest and imprisonment." *Id.* at 9.

Plaintiff filed this lawsuit on August 3, 2021. *See id.* The docket reflects multiple entries indicating summonses had not issued until March 22, 2022. *See* ECF No. 10. Summonses were reissued on April 25, 2022. In a Minute Order dated July 14, 2022, the Court noted that Plaintiff had not received previously-issued summonses. The Court ordered Plaintiff to effect service on Defendants within 90 days of the Clerk of Court reissuing the summonses. *See* Minute Order (July 14, 2022). Plaintiff was then afforded additional time to effect service on Defendants. *See* Minute Order (July 21, 2022).

On August 10, 2022, Plaintiff filed a proof of service that addressed a summons for the U.S. Attorney General and represented that "I served the summons via U.S. postal mail, certified mail and return receipt." ECF No. 23 at 2. In the same filing, Plaintiff addressed a summons for the Executive Office for United States Attorneys and represented that "I served the summons via postal mail, certified mail and return receipt." *Id.* at 6. Plaintiff addressed a summons for the "Federal Bureau of Investigations" and represented that "I served the summons via postal mail, certified mail and return receipt." *Id.* at 8. Plaintiff addressed a summons for the "U.S. Attorney Office" and represented that "I served the summons via postal mail, certified mail and return

receipt." *Id.* at 10.  Plaintiff addressed a summons for the "Drug Enforcement Administration" and represented that "I served the summons via postal mail, certified mail and return receipt." *Id.* at 12.  Plaintiff addressed a summons for the "Bureau of Alcohol, Tobacco, Firearms and Explosives" and represented "I served the summons via U.S. postal mail, certified mail and return receipt." *Id.* at 14.

On August 2, 2022, the U.S. Attorney's Office received only a summons without a copy of the Complaint.  *See* Ex. 1.  On August 16, 2022, the U.S. Attorney's Office received a summons and only two pages from the Complaint (which, based on the Complaint appearing on this Court's docket, consists of nine handwritten pages, accompanied by a 23-page exhibit).  *See* Ex. 2.  As of the date of filing this motion, Defendants and the U.S. Attorney's Office were never served a summons accompanied by a complete copy of the Complaint.

## ARGUMENT

### I. The Court Should Dismiss the Case for Insufficient Service of Process

Rule 4(b) requires that a "properly completed" summons include the Clerk of Court's signature and Court's seal.  Fed. R. Civ. P. 4(b).  Rule 4(c)(1) requires that a summons "must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1).  Plaintiff failed to serve upon Defendants and the U.S. Attorney's Office a properly completed summons with a complete copy of the Complaint, as required under Rules 4(b) and 4(c)(1).  *See* Exs. 1-2.  For this reason alone, dismissal pursuant to Rule 12(b)(5) for insufficient service of process is appropriate.

### II. The Court Should Dismiss Plaintiff's 42 U.S.C. § 1983 Claim for Lack of Subject Matter Jurisdiction

Plaintiff asserts that he brings this action under 42 U.S.C. § 1983.  *See* ECF No. 1. Nowhere does § 1983 mention the United States or any federal government entity.  *See* 42 U.S.C. § 1983; *see also Nicholas v. U.S. Secret Serv.*, Civ. A. No. 18-0606 (EGS), 2020 WL 2571520, at

*1 (D.D.C. May 21, 2020). Nor does § 1983 expressly waive the federal government's sovereign immunity. *See* 42 U.S.C. § 1983; *see also Nicholas*, 2020 WL 2571520, at *1. Consequently, the Court lacks subject matter jurisdiction over Plaintiff's 42 U.S.C. § 1983 claim. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. The Court Should Dismiss for Lack of Venue Plaintiff's Claim Sounding in a Petition for Writ of Habeas Corpus

To the extent that Plaintiff's Complaint can be construed to seek issuance of a writ of habeas corpus, the Court should dismiss any such claim for lack of venue. Pursuant to 28 U.S.C. § 2255, any challenge to a judgment of conviction and sentence must be brought before the sentencing court. 28 U.S.C. § 2255. Here, any such challenge to Plaintiff's conviction and sentence must be addressed to the Northern District of West Virginia. Plaintiff has not shown that the available remedy in the sentencing court is inadequate or ineffective. *See id.* Consequently, venue in this judicial district is improper, *see* Fed. R. Civ. P. 12(b)(3), and the Court lacks jurisdiction over any petition for a writ of habeas corpus. *See McClanahan v. Gonzales*, Civ. A. No. 07-1520 (RWR), 2007 WL 3034412 (D.D.C. Oct. 16, 2007).

\*   \*   \*

## CONCLUSION

For the reasons set forth above, the Court should dismiss without prejudice the Complaint in its entirety. A proposed order accompanies this submission.

Dated: November 15, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/ Robert A. Caplen
ROBERT A. CAPLEN, D.C. Bar #501480
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530
(202) 252-2523
robert.caplen@usdoj.gov

*Counsel for Defendants*