UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL PAUL PUZEY**, <br><br> Plaintiff, <br><br> v. <br><br> **DEPARTMENT OF JUSTICE**, *et al.*, <br><br> Defendants. | Case No. 21-cv-02096 (CRC) |

**OPINION AND ORDER**

Plaintiff Michael Puzey, who is proceeding *pro se* in this Freedom of Information Act ("FOIA") action, filed an "Affidavit of Clarification of the Facts" on December 11, 2023.  See Affidavit [ECF No. 49] at 1.  At the end of his affidavit, he "demand[ed] a rebuttal . . . pursuant to" Federal Rule of Civil Procedure 8(b)(6).  Id. ¶ 35.  Defendants, who are five federal government agencies, did not respond directly to the affidavit but did respond to many of its points in a status report.  See Status Report [ECF No. 50].  Puzey subsequently filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), asserting that because Defendants "failed to file an answer or responsive pleading to plaintiff's affidavit of clarification of the facts," the Court should enter a default judgment against Defendants in the amount of $800.  Mot. Default J. [ECF No. 51] at 1.

The Court denies Puzey's motion.  The Defendants were not required to respond to his affidavit and their failure to respond therefore did not constitute an admission of the affidavit's factual allegations.  Under Federal Rule of Civil Procedure 8(b), "[i]n responding to a *pleading*," "[a]n allegation . . . is admitted if a responsive pleading is required and the allegation is not denied."  Fed. R. Civ. P. 8(b)(1), (b)(6) (emphasis added).  Puzey's affidavit is not a pleading.

See Fed. R. Civ. P. 7(a) (listing the "[o]nly . . . pleadings [] allowed" and making no mention of affidavits); see also Ojeda v. Louisville Ladder Inc., 410 F. App'x 213, 216 (11th Cir. 2010) ("[A]n affidavit is not a pleading."). Because the affidavit is not a pleading, the precondition for Rule 8(b)(6) was not met and Defendants' failure to respond did not constitute an admission. See also Matter of Search of Clubhouse Compound of Outlaws Motorcycle Club, located at 9371 Holland St., Jacksonville, Duval Cnty., Fla., No. 3:09-MC-27-J-32PDB, 2017 WL 8809567, at *22 n.11 (M.D. Fla. Oct. 6, 2017) ("Baas contends the United States admits anything it does not refute from his declarations . . . , citing for that contention Federal Rule of Civil Procedure 8(b)(6). He is incorrect insofar as Rule 8(b)(6) applies only to pleadings.").

Moreover, Puzey has not complied with Federal Rule of Civil Procedure 55's "two-step process" required for default judgment: "entry of default, followed by entry of default judgment." Farris v. Rice, No. 05-CV-1975 (RMU), 2006 WL 8435181, at *1 (D.D.C. Jan. 17, 2006); see also Fed. R. Civ. P. 55(a)–(b). Only "[a]fter the clerk's entry of default, . . . [may] the plaintiff [] move for default judgment." Farris, 2006 WL 8435181, at *1. The clerk has not entered default, and default judgment is therefore improper.

Accordingly, it is

**ORDERED** that [ECF No. 51] Plaintiff's Motion for Default Judgment is **DENIED**.

Date:  April 2, 2024

                                                    CHRISTOPHER R. COOPER
                                                    United States District Judge