IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL PAUL PUZEY,
    Plantiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al,
    Defendant.

Civil Action No. 21--2096(CRC)

## MOTION TO SHOW CAUSE

### Preliminary Statement

COME NOW, the Plaintiff, Michael Paul Puzey, here after Puzey, moves this Court to show cause "why this case should not be dismissed as moot given that he has not raised any objections to the reasonableness of Defendant's final production of records"; as ordered by the Honorable Judge Christopher R. Cooper on 5/222024. Puzey humbly asks that this Court construes this motion most liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).



Prepared For:

Michael Paul Puzey, Pro Se
Register No. 23940-016
Fort Dix-Federal Correctional
Institutions, P.O. Box 2000
Joint Base MDL, NJ. 08640

1.

## STATEMENT OF THE CASE
## AND PROCEDURAL HISTORY

On August 3, 2011, Puzey filed his initial complaint [DE#3], a Motion for Leave to Proceed informa pauperis [DE#2], a consent to collects fees from his Trust Account [DE#3], and a Motion to Appoint Counsel [DE#4].

On August 25, 2021, a PRO SE ORDER directing within 30 days for Puzey to provide a six month Trust Fund prisoner account statement. See [DE#5].

On September 3, 2021, a filing fee of three-hundred-fifty and 00/100 dollars was received by the Court. As a result;

On September 23, 2021, an order denying as moot 'Motion for Leave to Proceed in forma Pauperis'; and denying without prejudice his 'Motion to Appoint Counsel.' See [DE#6]

On February 14, 2022, the Honorable Judge Christopher R. Cooper issued an order to SHOW CAUSE because Puzey had not yet effectuated servicek on the Defendants. Even though, on November 4, 2021, this Court ordered the Clerk's office to issue summonses to Puzey so that he could effectuate service, and the Court provided him 90 days to do so. See [DE#9].

On March 8, 2022 this case case was DISMISSED WITHOUT PREJUDICE because Puzey hasd not adhered to the Honorable Judge Christopher R. Cooper's SHOW CAUSE order issued on February 14, 2012. Incidentally, on this day Puzey's response to the order to SHOW CAUSE was entered on the docket and received with

a date of February 20, 2022 as being timely filed.  See [DE#8]

As a consequence, the MINUTE ORDER to SHOW CAUSE was vacated and discharged on March 10, 2022.

On March 15, 2022, this Court issued a MINUITE ORDER to have the clerk of Court issue the summons to the Defendants and gave Puzey 90 days to serve the summons on the Defendants.  See Fed.R.Civ.P.4(m)

On March 22, 2022, (6) summons were issued as to the ATF, DEA, EOUSA, FBI, U.S. Attorney and U.S. Attorney General that was sent to Puzey by mail. See [DE#10]

On March 32, 2022, Puzey filed a 'Motion for Relief from Judgement.'  He was granted permission to file the Motion but the case had already been reinstated.  Thus, a denial as moot would be entered on a seperate order.  See [DE#11]

From April 18, 2022 to July 11, 2022, Puzey has had a change of address three(3)times.  See [DE#'s12, 15, 18 & 19]

As a consequence, he never received the Summons from the Clerk of Court to be served on the Defendants and had to get the summons sent to him a total of three(3) times.  See [DE#10, & 20]; also see the summons reissued on April 25 2022.

On July 21, 2022, this Court issued a MINUTE ORDER granting Puzey's 'Motion for Extension of Time to Serve Defendant's' and on August 4, 2022 the RETURN OF SERVICE/AFFIDAVIT was executed on all Defendants (summons and

3.

complaint).  See [DE#22]

On September 8, 2022, this Court issued a **MINUTE ORDER** granting the Defendant's Motion for Extension of Time to Answer.  See [DE#26]  This order gave the Defendant's until November 15, 2022 to respond.

Subsequently, on September 13, 2022, Puzey moved this Court for a 'Motion for Entry of Default and Motion for Default Judgement' which was denied on September 19, 2022. [DE#27]

On November 15, 2022, the Defendants, ATF, DEA, EOUSA, FBI and the U.S. Department of Justice moved this Court to Dismiss.  See [DE#29].  Puzey responded to the 'Motion to Dismiss' filed by the Defendants re [DE#29] on January 20, 2023.

On July 7, 2023 the Defendants' Motion to Dismiss was granted in part and denied in part after they **REPLIED** in opposition on January 25, 2023.  See [DE#38].  The only part of the 'Motion to Dismiss' that was granted is Puzey's section 1983 claim for lack of subject-matter jurisdiction.  Moreover, the Court ordered the government to respond to his remaining FOIA Act claims by August 21, 2023.

On August 23, 2023, a **MINUTE ORDER** granting re[DE#41] 'Motion for Extension of Time to file Answer was issued by Judge Christopher R. Cooper. The proposed schedule for processing the Plaintiff's (Puzey) FOIA request by September 6, 2032.

On September 6, 2023, the Court ordered a series of **STATUS REPORTS** by the Defendants to monitor the processing of Puzey's FOIA request. See [DE#'s 44, 46, 50, & 55]

On December 8, 2023, the Defendant's **RESPONSE TO ORDER OF THE COURT** was filed. See [DE#48]

On February 5, 2014, Puzey moved this Court for a **MOTION** for Default Judgement. See [DE#51] Affidavit Exhibit #1 re[DE#49] and attachment #1 Affidavit #22 (Affidavit of Clarification of the facts) were attached in support of the motion.

On the 21st of February, 2014, the Defendants filed a Memorandum in opposition to re[DE#51] 'Motion for Default Judgement'. See [DE#52] and Puzey filed a **REPLY** on March 7, 2024. See [DE#54]

On April 2, 2024, the Honorable Judge Christopher R. Hooper issues an **OPINION AND ORDER** denying re[DE#51] 'Plaintiff's Motion for Default Judgement. See [DE#56]

## ARGUMENT

From the onset of this case, Puzey simply asked for a FOIA request of documents that must exist from the start of any criminal under Fed.R.Crim.3 and 4.1 is essential to probable cause for the issue of any warrant for an arrest. Simply put, without that Complaint, his arrest and indictment are illegal in violation of his Fourth Amendment rights under the United States Constitution for illegal search and seizures of his person as well as his rights to liberty under the Due Process Clause of the 5th Amendment. See U.S.Const.5th.Amendment

Among other things, the Government's failure to produce these non-exempt items under title 5 U.S.C.S. §553(j)(2)&(k)(2) is a violation of the FOIA Act; because, the Puzey being incarcerated twenty-four(24) years, he's not under any low enforcement investigations, nor does he seek the disclosure of any informants, nor does he seek the revelation of any investigative techniques. Moreover, federal law requires that a Complaint must be filed with a judicial officer of the court (Magistrate) and to effectuate an arrest warrant, it must be signed and sealed. Thus, as a matter of law the Complaint for Puzey's criminal case is a document he's entitled to.'

Contrary to the record, the Defendant's here after the Government has not produced any evidence that said documents exist, all their **STATUS REPORTS** ([DE#'s 44, 46, 50, & 55]) are in defiance to the the Honorable Judge Chritoper

---

1.  "[P]rincipal function of complaint is as basis for application for arrest warrant." Gaither v. United States, 413 F.2d 1061, 134 U.S.App.D.C. 154 1969, LEXIS 12934 (D.II.IIir.1969); De Vincent v. United States, 602 F.2d 1006 ((1st

Cooper's **MINUTE ORDER** dated July 7, 2023.  See [DE#38]

Additionally, due to Governmental interference of moving Puzey from institution to institution, changing his address at least four(4) times during the onset of this case, is more than a mere coincidence when the DOJ has complete control of the BOP through the Attorney General Garland.  Furthermore, it's this type of egregious conduct by the Government that has completely prejudiced Puzey from timely filing from the first instance.  See [DE#12], [DE#15], [DE#18], [DE#19], [DE#31], [DE#36], [DE#42].

More importantly, the Government's failure to produce not one shred of the requested documents such as the Complaint, the grand jury transcripts, or the documents authorizing Scott Dillion to act as a federal agent to investigate a federal case.  See 21 U.S.C. §878(2)(3)&(5); 5 U.S.C. §3374(a)(2).[2]

More over, the ATF, DEA, EOUSA, FBI, and DOJ are not individual person as it relates to personal privacy.  See FCC v. AT&T, Inc., 562 U.S. 397, 131 S.Ct. 1177, 179 L.Ed.2d 132 (2011). "[W]hile 1 U.S.C. §1 defined "person" to include corporations, there was difference between "person" and "personal"; as petitioner Federal Communications Commission correctly argued, Freedom of Information Act Exemption 7(c)'s protection against disclosure of law enforcement information on ground that it would constitute unwarranted invasion of personal privacy, under 5 U.S.C.S. §552(b)(7)(c), did not ordinarily relate to artificial persons."

---

Cir.) July 26, 1979). 2. "[E]xemption 7(E) applies to records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law,

7.

Among other things, Puzey is a Pro Se litigant and does not understand fully the Federal Rules of Civil Procedure. Thus, "[w]hatever may be the limits on the scope of inquiry courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards then formal pleadings drafted by lawyers, it appears 'beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief'. Conley v. Gibson, 355f U.S. 41, 45-46 (1958), 2 L.Ed. 2d 80, d84,, 78 S.Ct. 99; see also Dioguardi v. Durning, 139 F.2d 774 (CA21944)" See Haines v. Kerner, 404 U.S. at 520-521; United States v. Palmer, 353 U.S.App.D.C.128, 296 F.3d 1135, 1143 (D.C.Cir.2002)

## CONCLUSION

**WHEREFORE,** Puzey humbly asks that this Court grants him the relief sought because he has more than **SHOWED CAUSE** that he's entiltled to relief because the Government has not produced not one shred of evidence (documents) that he is entitled to under the Freedom of Information Act (FOIA) as ordered by this Court.

Respectfully Submitted,

*Michael Puzey*

Michael Paul Puzey, Pro Se
Register No. 23940-016
Federal Correctional Institution
Fort Dix, P.O. Box 2000
Joint Base MDL, NJ. 08640

## CERTIFICATE OF SERVICE

I, Michael Paul Puzey, HEREBY DECLARE, under the penalties of perjury (28 U.S.C. §1746) that a true and correct copy of the foregoing 'Motion to Show Cause' has been mailed via U.S. Postal Service on this __1__ day of June, 2024 to the following addresses listed below (see mail box rule at footnote 1.):

Clerk of Court
E. Barret Prettyman U.S. Courthouse
333 Constitution Avenue, N.W., Ropom 1225
Washington, D.II. 20001

U.S. Department of Justice
United States Attorney
District of Columbia
Judiciary Center
601f D. St.N.W.
Washington, D.C. 20579

x __Michael Puzey__
   Oath & Affirmation

Michael Paul Puzey, Pro Se
Register No. 23940-016

---

1. "Motion is considered mailed to the Courts once it's put into the hands of the 'prison authorities'." See 'Mail Box Rule'