UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL PAUL PUZEY,

Plaintiff,

v.

DEPARTMENT OF JUSTICE, et al.,

Defendants.

Civil Action No. 21-2096 (CRC)

### REPLY IN FURTHER SUPPORT OF
### DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

Defendants the United States Department of Justice and its subcomponents, the Federal Bureau of Investigation ("FBI"), the U.S. Drug Enforcement Administration ("DEA"), the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and the Executive Office for United States Attorneys (collectively, "Defendants") respectfully submit this reply in further support of their cross-motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56 with respect to Plaintiff's Freedom of Information Act ("FOIA") claim.

### INTRODUCTION

Plaintiff's Opposition ("Opp'n," ECF No. 68) to Defendants' cross-motion for summary judgment (ECF No. 64) and reply in support of Plaintiff's motions for summary judgment (ECF Nos. 58, 63) fails to address the arguments proffered by Defendants. The bulk of the Opposition makes misguided arguments that Plaintiff's 2001 criminal conviction must be vacated. Those arguments are not cognizable here because this Court has already properly dismissed Plaintiff's attempt to vacate his conviction in this case in the Court's July 7, 2023, Minute Order.

In asides in the Opposition, Plaintiff concedes that Defendants conducted thorough searches. Plaintiff indicates that he challenges the redactions, but Plaintiff fails to address the

appropriate legal standards, arguing instead that his doubts about his conviction make all exemptions inappropriate.  Because Plaintiff does not challenge the searches' reasonableness and the FBI's and the Executive Office for United States Attorneys' "justification[s] for invoking . . . FOIA exemption[s] . . . appear[] 'logical' or 'plausible,'" *Media Rsch. Ctr. v. Dep't of Just.*, 818 F. Supp. 2d 131, 137 (D.D.C. 2011) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)), the Court should grant summary judgment to Defendants.

## ARGUMENT

### I.    <u>This Court Has Jurisdiction Over Plaintiff's FOIA and Privacy Act Claims</u>

Plaintiff opens the Opposition with a bewildering "[d]iscussion" about the nature of federal district courts.  Pl.'s Opp'n at 2–5.  As bizarre as that section and the "Affidavit of Denial of Corporate Existence" attached to the Opposition are, Plaintiff's argument is not unique.  This all "directly correspond[s] to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans."  *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017); *see United States v. Chilcoat*, Crim. No. 22-0299 (CKK), 2023 WL 143912, at *3 (D.D.C. Jan. 10, 2023) (explaining how an argument similar to Plaintiff's "appears to rest on 'sovereign citizen' ideology").  The argument that district courts are somehow territorial courts and lack jurisdiction has been roundly rejected.  *See, e.g.*, *United States v. Beavers*, Crim. No. 12-0049, 2012 WL 6824151, at *2 (E.D. Tenn. Dec. 13, 2012) (rejecting a very similar argument as "frivolous"), *R. & R. adopted*, 2013 WL 126231 (E.D. Tenn. Jan. 8, 2013); *Jones v. Buchanan*, Civ. A. No. 23-0452, 2024 WL 3579111, at *4 (S.D. Ohio July 30, 2024) (similar); *see also Abram v. United States*, Civ. A. No. 23-2678 (RC), 2023 WL 8891002, at *3 (D.D.C. Dec. 26, 2023) (explaining that similar statements were frivolous).

Thus, to the extent that Plaintiff belatedly challenges the jurisdiction of this Court in which he chose to bring his claims to avoid an adverse judgment on the merits, Plaintiff's challenge must

be denied.  It is indisputable that this Court has jurisdiction over FOIA and Privacy Act claims subject to the terms of those statutes.  *See Elec. Priv. Info. Ctr. v. Dep't of Just.*, 18 F.4th 712, 717 (D.C. Cir. 2021) ("The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the suit presented a federal question arising under FOIA."); 5 U.S.C. § 552(a)(4)(B) ("[T]he district court of the United States . . . in the District of Columbia[] has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."); *Bell v. Dep't of Def.*, No. 15-1395, 2016 WL 3040730, at *1 (D.C. Cir. May 11, 2016) ("Jurisdiction over petitioner's Privacy Act claims lies in the district court in the first instance."); 5 U.S.C. § 552a(g) (under certain circumstances, "the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection").

To the extent that Plaintiff challenges the jurisdiction of the court in which he was convicted, that argument is equally meritless and, in any event, not properly before this Court.

## II.    The Court Should Grant Summary Judgment to Defendants on Plaintiff's FOIA and Privacy Act Claims

### A.    Plaintiff Concedes that the Searches Were Proper

Four FOIA requests are at issue here, and each FOIA request caused a different component of the Department of Justice to perform a search: ATF, DEA, FBI, and the Executive Office for United States Attorneys.  *See* Defs.' Mot. at 3–7 (describing respective FOIA requests and searches).  Plaintiff concedes that each component conducted a reasonable search.

#### 1.    ATF

Plaintiff does not dispute that ATF conducted a reasonable search.  Indeed, he wrote that he "does not dispute and concedes to" the Declaration of Hirsh Kravitz, Acting Chief of the

Information and Privacy Governance Division at ATF, which describes the search.  Pl.'s Opp'n at 10.

        2.    <u>DEA</u>

Plaintiff concedes that the search was proper:  "Affiant Puzey otherwise concedes and does not dispute everything stated [in the Declaration of Joshua L. Delo, Unit Chief of the Processing Sub-Unit within the Freedom of Information/Privacy Act Unit of the United States Department of Justice, Drug Enforcement Administration, ECF No. 64-2] with exception to any of the FOIA exemptions claimed." Pl.'s Opp'n at 9 (capitalization altered).  Because the DEA did not identify any responsive records, the Delo Declaration did not claim any FOIA exemptions applied.  *See generally* Delo Decl., ECF No. 64-2.  Accordingly, Plaintiff has no dispute with ATF's search.

        3.    <u>Executive Office for United States Attorneys</u>

Plaintiff "concedes to" part of the Declaration of Auborn Finney (ECF No. 64-8) "because [Plaintiff] believes that they completed an exhaustive search of their database[.]"  Pl.'s Opp'n at 9–10.[1]  Similarly, Plaintiff "concedes and does not dispute" the Declaration of Susan M. Collins (ECF No. 64-10), which describes the search of the United States Attorney's Office for the Northern District of Virginia.  Pl.'s Opp'n at 10.

        4.    <u>FBI</u>

Plaintiff concedes that FBI's search was proper: "[Plaintiff] agrees that the searches conducted were extensive and thoroughly completed."  Pl.'s Opp'n at 9.

*     *     *

---

[1]    Plaintiff "disputes the EOUSA's withholding of any information in accordance with any FOIA exemptions."  Pl.'s Opp'n at 10.  This "dispute[]" is discussed below.

Accordingly, the Court should grant summary judgment with respect to the reasonableness of the searches.

### B.    Plaintiff Does Not Dispute Factors Relevant to the Privacy Act Analysis

Defendants argued that (i) the records produced by the FBI from the Central Records Act are exempt under FOIA Exemption (j)(2) and (ii) the records produced by the Executive Office for U.S. Attorneys from Criminal Case Files are exempt under FOIA Exemption (j)(2).  *See* Defs.' Mot. at 16–17, 24–25.

Plaintiff's sole argument in response is that "none of the exemptions under the Privacy Act, 5 USC §552a, under Exemption (j)(2) . . . are valid because, (1) there exists a public interest that the privacy interest by Exemption 7(C) prevails."  Pl.'s Opp'n at 8.  The "public interest" in the information is not a relevant factor in determining whether Exemption (j)(2) applies.  The only questions are whether the agency or component at issue performs an activity pertaining to the enforcement of criminal laws as its principal function and whether the records are part of a system that has been properly exempted by regulation.  *See Mobley v. CIA*, 806 F.3d 568, 586 (D.C. Cir. 2015) ("Exemption (j)(2) permits an agency head to promulgate rules—subject to public notice and comment—to exempt any of the agency's systems of records from several of the Privacy Act's requirements, including disclosure under subsection (d)(1), so long as the system of records satisfies certain criteria."); *Barouch v. Dep't of Just.*, 87 F. Supp. 3d 10, 31 (D.D.C. 2015) ("Exemption (j)(2) applies, in relevant part, to records that are: (1) stored in a system of records that has been designated by an agency to be exempt from the Privacy Act's disclosure requirements; and (2) stored in a system that is 'maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws,' and that consists of 'information compiled for the purpose of a criminal investigation.'").

Because Plaintiff has not contested any factor relevant to the (j)(2) analysis, the Court should grant summary judgment to Defendants with respect to the Privacy Act claim.

### C.    Plaintiff Fails to Meaningfully Contest the Appropriateness of the FOIA Exemptions

Plaintiff does not specifically challenge the application of Exemptions 3 or 5.  *See* Opp'n at 8 ("[N]one of the exemptions under the Privacy Act, 5 USC §552a, under Exemption (j)(2), FOIA Exemptions 6, 7(C), 7(D), or 7(E) are valid[.]").  *See generally* Opp'n.

Plaintiff seemingly argues that "FOIA Exemptions 6, 7(C), 7(D), [and] 7(E)" do not apply because "there exists a public interest that the privacy interest by Exemption 7(C) prevails."  Pl.'s Opp'n at 8.  The public interest is not relevant to Exemptions 7(D) or 7(E).  *See Jud. Watch, Inc. v. Dep't of Just.*, 394 F. Supp. 3d 111, 118 (D.D.C. 2019) ("[E]ven assuming that the records are a matter of public interest, the Bureau might invoke other potentially applicable exemptions, including Exemption 7(E)[.]"); *Kowal v. Dep't of Just.*, 107 F.4th 1018, 1032 (D.C. Cir. 2024) ("Exemption 7(D) has no balancing test.").

With respect to Exemptions 6 and 7(C), Plaintiff's assertion of a public interest related to his trial generally is insufficient to show that any particular redaction is inappropriate.  The burden is on Plaintiff to establish that disclosure would serve the public interest enough to overcome the individuals' privacy interests.  *See, e.g.*, *Telematch, Inc. v. Dep't of Agric.*, Civ. A. No. 19-2372 (TJK), 2020 WL 7014206, at *7 (D.D.C. Nov. 27, 2020) ("[T]he requester . . . 'bears the burden of identifying an overriding public interest and demonstrating that disclosure would further that interest.'" (quoting *Stein v. CIA*, 454 F. Supp. 3d 1, 19 (D.D.C. 2020))), *aff'd*, 45 F.4th 343 (D.C. Cir. 2022).  Plaintiff cannot merely point to interest in the general topic of determining whether his conviction was lawful.  *See Kowal v. Dep't of Just.*, 107 F.4th 1018, 1031 (D.C. Cir. 2024) ("Kowal . . . merely speculates that the government may have exculpatory evidence in Troya's

capital case and that this implicates the public interest.  Our caselaw is clear that 'the requester must establish more than a bare suspicion in order to obtain disclosure.'").  Instead, Plaintiff must explain how the specific information redacted "would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'"  *Lepelletier v. FDIC*, 164 F.3d 37, 47 (D.C. Cir. 1999); *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004) ("[T]he citizen must show the [withheld] information is likely to advance that interest.").  While Plaintiff argues that his conviction was wrongfully obtained, he has not indicated that there is any public interest specifically in the names of witnesses, people of interest, detectives, investigating agents, non-public government employees, third parties who have a criminal record, or third-party victims.  Defs.' Mot. at 19–20, 30–31; Finney Decl. ¶ 37; Seidel Decl. ¶¶ 38, 42, 45, 47–52.

With respect to the Executive Office for United States Attorneys specifically, Plaintiff states that he "disputes the EOUSA's withholding of any information in accordance with any FOIA exemptions as stated herein, supra."  Pl.'s Opp'n at 10.  Plaintiff's "dispute[]" is not supported by any relevant argument.

With respect to the FBI specifically, Plaintiff claims that "the vast egregious conduct" by the Assistant United States Attorney who prosecuted him "outweighs any penological interest of the Government to withhold such information requested."  Pl.'s Opp'n at 9.  It is not clear what balancing test between "egregious conduct" and "penological interest" that Plaintiff purports to apply.  Plaintiff's citation to *Kowal v. Department of Justice*, 107 F.4th 1018 (D.C. Cir. 2024), in support of this argument is even more puzzling because *Kowal* does not support Plaintiff's argument.  In *Kowal*, the D.C. Circuit affirmed the Department of Justice was entitled to summary judgment because its components conducted proper searches and properly applied Exemptions 3,

6, 7(C), 7(D), 7(E), and 7(F).  Again, the question is not whether there is a public interest in the abstract, but whether Plaintiff has shown a public interest in the material withheld.

Plaintiff also challenges "the FOIA exemptions claimed" in the Declaration of Joshua Delo. Pl.'s Opp'n at 9.  As noted above, because the DEA did not find any responsive documents, Joshua Delo did not assert any exemptions in his declaration.  *See generally* Delo Decl., ECF No. 64-2.

Finally, Plaintiff argues Defendants "violated the FOIA Act, 5 USC §552a [sic], by not releasing the necessary documents to either disclose unlawful conduct or to prove Puzey's innocence through disclosure of Brady Material" or under the Jencks Act.  Pl.'s Opp'n at 8–9.  But plainly Defendants were not required "to prove [Plaintiff's] innocence" under the FOIA or Privacy Act.  And *Brady v. Maryland*, 373 U.S. 83 (1963), and the Jencks Act have no force in a FOIA or Privacy Act case.  *See Welenc v. Dep't of Just.*, Civ. A. No. 17-0766 (RBW), 2019 WL 2931589, at *6 (D.D.C. July 8, 2019) ("Even if information in the withheld records exonerates the plaintiff as he speculates it would, the FBI need not disclose it if a FOIA exemption applies.  A FOIA action is not a criminal case, and a FOIA requester has no constitutionally protected right to exculpatory evidence as would a criminal defendant."); *Richardson v. Dep't of Just.*, 730 F. Supp. 2d 225, 234 (D.D.C. 2010) ("[P]laintiff asserts an entitlement to the release of all the information he requested because this information would have been available to him during the criminal proceedings either as *Brady* or as Jencks Act, 18 U.S.C. § 3500, material. The FOIA confers no such entitlement." (citation omitted)); *Willis v. Dep't of Just.*, 581 F. Supp. 2d 57, 67 (D.D.C. 2008) ("Plaintiff urges this Court not to view this case as relating to the FOIA or Privacy Act, but rather to view it as an inquiry into whether he was improperly denied access to documents pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) (and other cases) during his criminal trial. The Court . . . possesses jurisdiction pursuant to the causes of action Plaintiff has asserted in this case (i.e., the FOIA and

Privacy Act), but does not have jurisdiction to launch into a free-wheeling inquiry into Plaintiff's criminal conviction." (citation omitted)).

Because Plaintiff has not shown that a public interest specifically implicates the material withheld and has not offered any challenges regarding the standards governing the application of Exemptions 3, 5, 7(D), 7(E), or 7(F), the Court should grant summary judgment to Defendants.

## III.     Plaintiff Cannot Use this Case to Challenge His Conviction

On August 3, 2021, Plaintiff, filed the instant lawsuit.  *See* Compl., ECF No. 1.  In addition to raising claims under FOIA and the Privacy Act discussed above, the Complaint appeared to challenge Plaintiff's incarceration.  *See* Compl. Prayer for Relief ¶ 3 (requesting the Court "order the U.S. Attorney General . . . to have Plaintiff immediately Released, from this (21) years unlawful arrest and imprisonment").  In their motion to dismiss, Defendants argued that, to the extent that Plaintiff challenged his conviction, he was required to do so in front of the sentencing court.  *See* Mot. to Dismiss at 4, ECF No. 29; 28 U.S.C. § 2255(a) (explaining that motions should be made before "the court which imposed the sentence").

On July 7, 2023, the Court granted Defendants' motion to dismiss Plaintiff's challenge to his underlying conviction:

> [T]o the extent Plaintiff seeks to challenge his underlying conviction and sentence through a claim sounding in habeas corpus, the government's motion to dismiss such a claim is GRANTED.  Habeas petitions must be brought against the warden of the inmate's facility, which here is located in the Middle District of Pennsylvania.  This Court therefore lacks venue over any habeas claim.

July 7, 2023, Min. Order.  Plaintiff did not contest this Court's ruling, nor could he make a colorable motion for reconsideration.  Nevertheless, as noted above, Plaintiff argues that Defendants have not met their burden under the FOIA because of disputes that he has with his conviction.  *See* Pl.'s Opp'n at 10 (seemingly arguing that the "Government has NOT met their burden of 'Cross Summary Judgment'" because of disputes he has related to his conviction).

Elsewhere, he argues about his conviction at length. *See* Pl.'s Opp'n at 6 (arguing that Defendants "put on a charade to this Court" because "[t]hey knew . . . that the underlying criminal case . . . is built upon fraud" (underlining omitted)); *id.* (arguing that Plaintiff has been "prosecuted and detained for over twenty-four years illegally" (emphasis omitted)); *id.* at 7 (arguing his indictment was faulty); *id.* at 7–8 (arguing that there was prosecutorial misconduct because a conviction obtained by the same AUSA thirteen years earlier was temporarily vacated, without noting that the post-conviction motion at issue was ultimately denied, *see United States v. Shuck*, 895 F.2d 962 (4th Cir. 1990)); *id.* at 10 ("Affiant Puzey has now demonstrated the conspiracy to cover-up the scandal of the Judge, prosecutors, West Virginia State Police, the Sheriff Office, and defense counsel to bring forth charges illegally[.]").

None of this argument is relevant to the remaining claims in this case and must be disregarded because this Court "possesses jurisdiction pursuant to the causes of action Plaintiff has asserted in this case (i.e., the FOIA and Privacy Act), but does not have jurisdiction to launch into a free-wheeling inquiry into Plaintiff's criminal conviction." *Willis v. Dep't of Just.*, 581 F. Supp. 2d 57, 67 (D.D.C. 2008).

## IV.     <u>Plaintiff Cannot Use His Affidavits to Create "Collateral Estoppel"</u>

Plaintiff previously filed a so-called "Affidavit of Negative Averment" and claimed that Defendants were required to respond to it or admit the truth of his allegations. *See* Affidavit, ECF No. 49. In response, the Court correctly held that "[t]he Defendants were not required to respond to [Plaintiff's] affidavit and their failure to respond therefore did not constitute an admission of the affidavit's factual allegations." Order at 1, ECF No. 56.

Plaintiff re-submitted his first affidavit of negative averment as a purported "Statement of Undisputed Facts" (ECF No. 63-2). Plaintiff's first affidavit of negative averment and Statement of Undisputed Facts states, "The requested FOIA / PA documents / public records 'Do not exist.'"

Pl.'s Stmt. ¶ 37, ECF No. 63-2; *see also* Affidavit ¶ 34, ECF No. 49 ("Affiant states that the requested FOIA / PA documents / public records 'Do not exist'."). Plaintiff asserts that, because Defendants did not specifically dispute that sentence in its cross-motion for summary judgment, his "Affidavits are completely True and are now subject to collateral estoppel accordingly. More specifically, in fact the requested documents DO NOT exist and never have." Pl.'s Opp'n at 10 (bolding and underlining omitted).

The Undersigned again apologizes for inadvertently failing to file Defendants' Statement of Material Facts, which has now been filed. *See* Errata, ECF No. 72; Sept. 12, 2024, Min. Order. Defendants' Statement of Material Facts constituted Defendants' response to Plaintiff's Statement of Material Facts.

In any event, Plaintiff's assertion that documents never existed is not entitled to any presumption of truth or preclusive effect because the truth of Plaintiff's assertion is not material to his seemingly abandoned dispute over his FOIA and Privacy Act claims. *See* Restatement (Second) Judgments § 27 (explaining that issue preclusion or collateral estoppel applies "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment"); *Elec. Frontier Found. v. Dep't of Just.*, 141 F. Supp. 3d 51, 56 (D.D.C. 2015) (similar). Defendants' FOIA searches do not disprove the past or present existence or non-existence of any documents. *See, e.g.*, *US Inventor, Inc. v. U.S. Pat. & Trademark Off.*, Civ. A. No. 21-2894 (TSC), 2024 WL 663367, at *6 (D.D.C. Feb. 16, 2024) ("[M]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them."); *Jenkins v. Dep't of Just.*, Civ. A. No. 16-1676 (CKK), 2019 WL 2503908, at *4 (D.D.C. June 17, 2019) ("He faults defendant for 'fail[ing] to provide a certificate showing that the FOIA records do not exist.' FOIA imposes no such obligation

on an agency[.]"), *aff'd*, No. 19-5230, 2020 WL 2610531 (D.C. Cir. Apr. 17, 2020); *James Madison Proj. v. Dep't of Just.*, 267 F. Supp. 3d 154, 160 (D.D.C. 2017) ("An agency need not show that it 'actually uncovered every document extant.'").

Even if Plaintiff's affidavit were unopposed, the Court could not accept Plaintiff's conclusion that a document did not exist because he cannot support that conclusion with personal knowledge. *See Wheeler v. Becerra*, Civ. A. No. 20-1287 (CRC), 2022 WL 17988969, at *1 n.2 (D.D.C. Dec. 29, 2022) (where plaintiff failed to dispute defendant's facts, the court "consider[ed] the rest of [defendant's] statement of facts undisputed, so long as those facts [we]re adequately supported by the record"); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Plaintiff has never worked for any of the agencies in question and, therefore, lacks personal knowledge as to whether the documents in question presently exist or ever existed.

Finally, Plaintiff has subsequently submitted a second "Affidavit of Negative Averment" that was filed on July 11, 2024, that contained nothing more than baseless legal conclusions (*see* ECF No. 63-1) and a third "Affidavit of Negative Averment" that was filed on September 6, 2024 (ECF No. 70). Disregarding this Court's clear holding, Plaintiff still insists that Defendants are required to respond to these purported affidavits. As the Court held, "[t]he Defendants [are] not required to respond to [Plaintiff's] affidavit and their failure to respond therefore did not constitute an admission of the affidavit's factual allegations." Order at 1, ECF No. 56.

\*     \*     \*

**CONCLUSION**

For these reasons and the reasons stated in Defendants' cross-motion (ECF No. 64), Defendants' cross-motion for summary judgment should be granted.

Dated: October 1, 2024    Respectfully submitted,

        MATTHEW M. GRAVES, D.C. Bar #481052
        United States Attorney

        BRIAN P. HUDAK
        Chief, Civil Division


        By: _____ */s/ Brian J. Levy* _____
          BRIAN J. LEVY
          Assistant United States Attorney
          601 D Street, NW
          Washington, DC 20530
          (202) 252-6734

        *Attorneys for the United States of America*