UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL PAUL PUZEY,

    Plaintiff,

    v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

    Defendants.

Case No. 21-cv-2096 (CRC)

## MEMORANDUM OPINION

Federal inmate Michael Puzey filed this *pro se* action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, challenging the government's responses to four FOIA requests he filed in March 2021. The Court will grant summary judgment to the government because it has adequately explained its withholdings.

**I.  Background**

Some 25 years ago, Michael Puzey was convicted by a West Virginia jury for his role in a sprawling 26-member conspiracy to traffic crack cocaine. United States v. Puzey, 73 F. App'x 549, 550–52 (4th Cir. 2003). Puzey, however, maintains that he was wrongly convicted, in part because a prosecutor in his case previously engaged in misconduct in another case over a decade before Puzey's. See United States v. Shuck, 705 F. Supp. 1177, 1197 (N.D. W. Va. 1989), rev'd on other grounds, 895 F.2d 962 (4th Cir. 1990).

From prison, Puzey lodged FOIA requests with four agencies seeking records related to his case. Two agencies—the Drug Enforcement Administration and the Bureau of Alcohol, Tobacco, Firearms and Explosives—informed Puzey that they did not have any responsive records. See Gov't Statement of Undisputed Facts ("SUF") ¶¶ 8, 14. The Federal Bureau of Investigation ("FBI") and the Executive Office for United States Attorneys ("EOUSA") found

and produced responsive records but withheld some material. Both agencies withheld records under Privacy Act Exemption (j)(2), which generally permits law-enforcement agencies to withhold records related to criminal investigations. Id. ¶¶ 20, 30; see 5 U.S.C. § 552a(j)(2). The FBI also withheld records under FOIA Exemptions 6, 7(C), 7(D), and 7(E). SUF ¶ 21. Those exemptions shield, respectively, private information, private information in law-enforcement records, identities of confidential law-enforcement sources, and techniques and procedures for law-enforcement procedures. 5 U.S.C. § 552(b)(6)–(7). EOUSA withheld records under the same exemptions as well as FOIA Exemptions 3, 5, and 7(F). Those three exemptions respectively cover material shielded by statute, privileged material, and law-enforcement material that might endanger life or safety if disclosed. Id. § 552(b)(3), (5), (7)(F).

Unsatisfied with the agencies' responses to his requests, Puzey moved for summary judgment. He then filed an "amended" summary judgment motion, which expanded upon his first motion and raised distinct issues. Given the liberal standard accorded to *pro se* filings, the Court will treat those motions as one. The government cross-moved for summary judgment. Those motions are now fully briefed and ripe for review.

## II. Legal Standard

"Summary judgment is the typical and appropriate vehicle to resolve FOIA disputes." Citizens for Resp. & Ethics in Wash. v. Dep't of Homeland Sec., 525 F. Supp. 3d 181, 187 (D.D.C. 2021) (Cooper, J.). When reviewing a motion for summary judgment under FOIA, "the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester," and summary judgment is appropriate only after "the agency proves that it has fully discharged its FOIA obligations." White Coat Waste Project v. Dep't of Veterans Affs., 404 F. Supp. 3d 87, 95 (D.D.C. 2019) (cleaned up). "[T]he burden of proof is

always on the agency to demonstrate that it has fully discharged its obligations under the FOIA." McKinley v. FDIC, 756 F. Supp. 2d 105, 111 (D.D.C. 2010).

When an agency's search is questioned, it must show "beyond material doubt that its search was reasonably calculated to uncover all relevant documents." Ancient Coin Collectors Guild v. U.S. Dep't of State, 641 F.3d 504, 514 (D.C. Cir. 2011) (quoting Valencia–Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999)) (internal quotation marks omitted). The central question is whether the search itself was reasonable, regardless of the results. See Cunningham v. U.S. Dep't of Justice, 40 F. Supp. 3d 71, 83-84 (D.D.C. 2014).

To obtain summary judgment on its invocation of a FOIA exemption, the agency must first show that the material falls under an enumerated exemption. See Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009). Agencies can do so by providing sufficiently detailed declarations. Id. "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." Jud. Watch, Inc. v. DOJ, 715 F.3d 937, 941 (D.C. Cir. 2013) (quotation marks omitted). Because the primary purpose of FOIA is disclosure, exemptions are construed narrowly. DiBacco v. U.S. Army, 795 F.3d 178, 183 (D.C. Cir. 2015).

Next, the agency must make a "focused and concrete" showing that disclosing the withheld records would foreseeably cause harm. Reps. Comm. for Freedom of the Press v. FBI, 3 F.4th 350, 370 (D.C. Cir. 2021); 5 U.S.C. § 552(a)(8)(A)(i)(I).

Finally, the agency must demonstrate that it has produced "[a]ny reasonably segregable portion of a record . . . after deletion of the portions which are exempt[.]" 5 U.S.C. § 552(b). Agencies must explain why non-exempt material is not reasonably segregable, and "are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material." Sussman v. U.S. Marshals Serv., 494 F.3d 1106, 1117 (D.C. Cir. 2007).

### III. Analysis

Because Puzey's filings are not entirely clear and raise a broad range of issues, the Court will begin with the issues that Puzey appears to have conceded. Puzey agrees that the government's searches were adequate, both as to the two agencies that found records and the two agencies that did not. Puzey Reply at 9 ("Affiant Puzey . . . agrees that the searches conducted were extensive and thoroughly completed."). Puzey also does not address segregability or foreseeable harm. So the Court will treat Puzey as having conceded those issues as well. See Wilkins v. Jackson, 750 F. Supp. 2d 160, 162 (D.D.C. 2010) ("It is well established that if a plaintiff fails to respond to an argument raised in a motion for summary judgment, it is proper to treat that argument as conceded.") (collecting authorities).

Those concessions, however, still leave a great deal at issue here: The government's invocations of Privacy Act Exemption (j)(2) and FOIA Exemptions 3, 5, 6, 7(C), 7(D), 7(E), and 7(F). The government adequately explained all of its withholdings.

#### A. Privacy Act Exemption (j)(2)

Exemption (j)(2) of the Privacy Act permits law-enforcement agencies to issue regulations that exempt from disclosure records related to criminal investigations. 5 U.S.C. § 552a(j)(2). Here, both the FBI and EOUSA are law-enforcement agencies, and both have promulgated regulations that exempt the records at issue here from disclosure. Specifically, the FBI has a regulation that exempts its Central Records System from disclosures under the Privacy Act. 28 C.F.R. § 16.96(a)(1). EOUSA similarly exempts criminal case files. Id. § 16.81(a)(4). According to the agencies' declarations, all of the FBI's responsive records were found by searching its Central Records System, while all of EOUSA's responsive records were found in

criminal case files.  See SUF ¶¶ 17, 28; Seidel Decl. ¶ 27; Finney Decl. ¶ 11.  They are therefore exempt from disclosure under Exemption (j)(2) and the agencies' regulations.

Puzey does not dispute any of this.  He makes a cursory assertion that "there exists a public interest that the privacy interest by Exemption 7(C) prevails."  Puzey Reply at 8.  Exemption 7(C), however, is an entirely separate exemption under FOIA that does not purport to limit the scope of the Privacy Act's Exemption (j)(2).  And while Exemption 7(C) turns in part on the strength of the public interest in disclosure, see SafeCard Servs. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991), Exemption (j)(2) does not.

### B.  FOIA Exemptions 3 and 5

Puzey does not meaningfully dispute the EOUSA's invocations of Exemptions 3 and 5.  Those exemptions respectively shield records protected by statute and material that is part of an agency's internal deliberative process.  5 U.S.C. § 552(b)(3), (5).  Puzey's only attempt to challenge these invocations comes in a single sentence in his reply brief:  "Affiant Puzey disputes the EOUSA's withholding of any information in accordance with any FOIA exemptions as stated herein[.]"  Puzey Reply at 10.  That bald, unsupported assertion of a dispute is not enough to survive summary judgment, even for a *pro se* litigant.

### C.  FOIA Exemptions 6 and 7(C)

FOIA Exemptions 6 and 7(C) both shield private information, so the Court will discuss them together.  See Reed v. NLRB, 927 F.2d 1249, 1251 (D.C. Cir. 1991); Jud. Watch, Inc. v. DOJ, 394 F. Supp. 3d 111, 116–17 (D.D.C. 2019).  Exemption 6 shields records if disclosure "would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  Exemption 7(C) has a narrower scope, as it applies only to records compiled for law-enforcement purposes.  Id. § 552(b)(7)(C).  But it sets a lower standard for withholding,

shielding law-enforcement records if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Id.  Under both exemptions, courts must weigh any "substantial," protected privacy interest against any public interest in disclosure. SafeCard Servs., 926 F.2d at 1205; Guarascio v. FBI, No. 18-cv-2791 (CRC), 2023 WL 7182057, at *9 (D.D.C. Nov. 1, 2023).

To begin, the records at issue were compiled for law-enforcement purposes.  The government must establish that the records "relate to anything that can fairly be characterized as an enforcement proceeding[.]" Bartko v. DOJ, 898 F.3d 51, 64 (D.C. Cir. 2018).  Such proceedings include investigations where there exists (1) "a rational nexus between the investigation and one of the agency's law enforcement duties" and (2) "a connection between an individual or incident and a possible security risk or violation of federal law." Ctr. for Nat. Sec. Studies v. DOJ, 331 F.3d 918, 926 (D.C. Cir. 2003) (quoting Campbell v. DOJ, 164 F.3d 20, 32 (D.C. Cir. 1998)).  Both criteria are met here because the records relate to the government's investigation and prosecution of Puzey for violating federal drug trafficking laws.  As the FBI explains, the responsive records it found were compiled to aid state and local authorities "in their criminal investigations regarding Michael Puzey." Seidel Decl. ¶ 33.  Similarly, EOUSA explains that "[t]he documents for these FOIA requests were compiled as a result of the United States Attorney's Office's fulfillment of its law enforcement duties" in its "investigation into and prosecution of [Puzey]." Finney Decl. ¶¶ 37, 39.  These explanations suffice to establish the connection to an enforcement proceeding needed to invoke FOIA Exemption 7.

From there, the question becomes whether the FBI and EOUSA demonstrated that the balance between the privacy interests at stake and the public's interest in disclosure favors withholding the requested documents.  The FBI applied Exemptions 6 and 7(C) to withhold the

names of various individuals associated with Puzey's case, including (1) FBI staff; (2) third parties who provided information to law enforcement; (3) third parties tangentially mentioned in the records; (4) third parties of investigative interest; (5) non-FBI federal government personnel; (6) state and local law enforcement; (7) third parties with criminal records; (8) third-party victims; and (9) a local government employee who assisted the FBI's investigation. Seidel Decl. ¶¶ 38–52. EOUSA applied these exemptions to shield "identifying information of witnesses, people of interest in a then-ongoing investigation, and the names of detectives/investigating agents and non-public government employees." Finney Decl. ¶ 37.

Strong privacy interests weigh against disclosing these materials. As the D.C. Circuit has repeatedly held, "not only the targets of law-enforcement investigations, but also 'witnesses, informants, and investigating agents' all have a 'substantial interest' in ensuring that their relationship to the investigations 'remains secret.'" Roth v. DOJ, 642 F.3d 1161, 1174 (D.C. Cir. 2011) (quoting Schrecker v. DOJ, 349 F.3d 657, 666 (D.C. Cir. 2003)) (cleaned up). Those interests are especially weighty for private citizens, for whom the D.C. Circuit employs "a categorical rule permitting an agency to withhold information identifying [them] in law enforcement records unless disclosure is 'necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity.'" Schrecker, 349 F.3d at 661 (quoting SafeCard Servs., 926 F.2d at 1206).

On the other side of the balance, Puzey raises, as best the Court can tell, two arguments for why the public interest tips the scales in favor of disclosure: (1) he was wrongly convicted, and disclosure is necessary to expose the errors that led to his conviction; and (2) the documents are needed to expose wrongdoing by the prosecutor in his case. See Puzey Reply at 7–8. The Court will address each in turn.

First, Puzey's asserted interest in correcting his prior conviction is not itself cognizable under FOIA. As the D.C. Circuit has made clear, the only "[t]he only public interest that carries weight" in the FOIA context is "'the citizens' right to be informed about what their Government is up to.'" Guarascio, 2023 WL 7182057, at *9 (quoting Davis v. DOJ, 968 F.2d 1276, 1282 (D.C. Cir. 1992)). As such, and as the Court has previously made clear to Puzey, a FOIA case is not a vehicle for relitigating a criminal conviction. See Minute Order of July 7, 2023; see also Willis v. DOJ, 581 F. Supp. 2d 57, 67 (D.D.C. 2008) (A court hearing a FOIA case "is not a court of general review. It . . . does not have jurisdiction to launch into a free-wheeling inquiry into Plaintiff's criminal conviction."). To the extent that Puzey wishes to challenge his conviction, he must do so (if he still can) in a case filed in the appropriate venue. See 28 U.S.C. § 2255(a) (permitting challenges to a conviction or sentence before the court which imposed the sentence).

Puzey's second asserted interest—prosecutorial misconduct—is not enough to tip the balance back in favor of disclosure because Puzey has given the Court little reason to think that such misconduct is afoot. Courts presume that public officials, "in the absence of clear evidence to the contrary, . . . have properly discharged their official duties." Sussman, 494 F.3d at 1117 (quoting United States v. Chem. Found., Inc. 272 U.S. 1, 14–15 (1926)). Puzey's best evidence of wrongdoing is that the prosecutor in his case was found to have inappropriately pressured a criminal defendant into testifying before a grand jury even though the defendant had invoked his Fifth Amendment right against self-incrimination. Shuck, 705 F. Supp. at 1180–81, 1197.[1]

---

[1] The Fourth Circuit reversed the district court's judgment on the grounds that the defendant had not been prejudiced. Shuck, 895 F.2d at 966–67. But the Circuit agreed with the district judge's misconduct findings and made clear that it was not "condon[ing]" the prosecutor's actions. Id.

As troubling as that behavior is, it matters little in this case. The prior misconduct took place in 1984, 16 years before Puzey was indicted. See Shuck, 705 F. Supp. at 1178; Indictment, United States v. Wilt, No. 00-cr-57 (N.D. W. Va. Dec. 5, 2000). Considering the substantial passage of time, and the lack of any evidence of repeat offenses, the prosecutor's prior errors are not "clear evidence" from which the Court can infer the prosecutor also engaged in misconduct in Puzey's case.

Nor has Puzey pointed to any evidence that the government acted improperly while prosecuting him. He raises a variety of arguments for why his conviction must be overturned, including that his conduct fell outside the limitations period and the government violated its obligations to produce exculpatory evidence. Puzey Reply at 6, 8. But again, a FOIA case is not the appropriate vehicle for resolving those issues and the statute does not require the disclosure of exculpatory material if an exemption applies. See Boyd v. DOJ, 475 F.3d 381, 390 (D.C. Cir. 2007); Welenc v. DOJ, No. 17-cv-766 (RBW), 2019 WL 2931589, at *6 (D.D.C. July 8, 2019).

Because the balance of interests tips in favor of withholding the private information at issue, the Court will grant summary judgment to the government on Exemptions 6 and 7(C).

D. FOIA Exemptions 7(D), 7(E), and 7(F)

Finally, Puzey also does not meaningfully dispute the government's invocations of FOIA Exemptions 7(D), 7(E), and 7(F). Those exemptions respectively apply to the identities of confidential sources, law-enforcement techniques and procedures, and information that would endanger life or safety if revealed. 5 U.S.C. § 552(b)(7). The government adequately explains that it applied these exemptions to shield precisely those types of material. See Seidel Decl. ¶¶ 55, 62; Finney Decl. ¶ 47.

      To the extent that Puzey challenges these invocations, it is on the ground that the public interest requires their disclosure. But none of these exemptions turn on the strength of the public interest. See Kowal v. DOJ, 107 F.4th 1018, 1032 (D.C. Cir. 2024) ("Exemption 7(D) has no balancing test."); id. at 1033 (upholding Exemption 7(E) invocation without public-interest balancing); Elec. Priv. Info. Ctr. v. DHS, 777 F.3d 518, 523 (D.C. Cir. 2015) (holding that Exemption 7(F) requires a showing of risk to life or safety without discussing any need for public-interest balancing). As such, the Court will grant summary judgment to the government as to these withholdings as well.

## IV. Conclusion

      For the foregoing reasons, the Court will grant the government's motion for summary judgment and deny Puzey's motion for summary judgment. A separate Order accompanies this opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: February 28, 2025